```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
         EASTERN DIVISION
```

| | | |
|---|---|---|
| ANDREW MARSHALL, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 13 C 188 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| | ) | |
| THE BOEING COMPANY, a corporation, | ) | |
| MACH II MAINTENANCE CORP. et al, | ) | |
| | ) | |
| Defendant. | ) | |
| ------------------------------------------------------------ | ) | |
| | ) | |
| THE BOEING COMPANY, a corporation, | ) | |
| | ) | |
| Third-Party Plaintiff. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LOT POLISH AIRLINES, a corporation, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| ------------------------------------------------------------ | ) | |

## MEMORANDUM OPINION AND ORDER

On November 6, 2012, plaintiffs filed a three-count complaint against defendants The Boeing Company ("Boeing") and Mach II Maintenance Corporation ("Mach II") in the Circuit Court of Cook Count, Illinois, alleging that they suffered personal injuries while traveling as passengers aboard an aircraft from Newark, New Jersey, to Warsaw, Poland. Boeing, the aircraft manufacturer, subsequently filed a third-party complaint against Polskie Linie Lotnicze Lot S.A. d/b/a LOT Polish Airlines, Inc. ("LOT"), the airline that operated the flight in question. On January 10, 2013, LOT removed the entire action to federal court. Plaintiffs now move to sever their original state law claims from the third-party action and remand those state law claims back

to state court pursuant to 28 U.S.C. §§ 1441 and 1447. Defendant Boeing and third-party defendant LOT ("defendants") oppose the motion.[1] For the reasons described below, the court denies plaintiffs' motion.

## **BACKGROUND**

Plaintiffs were passengers on LOT Flight Number 016, which traveled from Newark, New Jersey to Warsaw, Poland on November 1, 2011. The flight ended with an emergency wheels-up landing at Warsaw's Chopin Airport when the airplane's landing gear did not deploy. Plaintiffs allege that a leak of hydraulic fluid from the aircraft's central hydraulic system caused a drop in pressure and prevented the deployment of the main landing gear. Plaintiffs further allege that because the flight crew of the aircraft were unaware that the circuit breaker for the alternate landing gear had been activated and failed to check that circuit breaker, the aircraft was forced to make a crash landing at the airport. The original complaint alleges theories of product liability and negligence against Boeing (Counts I and II)[2] and negligence against Mach II (Count III). As a result of the crash landing, plaintiffs claim they suffered personal and bodily injuries of both a physical and psychological nature, and incurred other damages, including: medical bills, lost earnings, disability, disfigurement, pain and suffering, and emotional distress.

Defendant Boeing filed an answer, a counterclaim against Mach II, and a third-party complaint against LOT. The third-party complaint alleges that the LOT flight crew was negligent

---

[1]Defendant Mach II does not join the opposition to the motion, but has moved for dismissal of both the complaint and the cross-claim based on lack of jurisdiction (Doc. 15).

[2]Plaintiffs argue in their reply brief that they do not make any allegations against LOT or its pilots and indicate that they will seek leave to amend the complaint to clarify their claims against Boeing. The court relies on the current complaint in evaluating the motion to sever and remand.

2

in their response to the alleged hydraulic leak and activated circuit breaker. Count One of the third-party complaint seeks contribution from LOT, and Count Two alleges contractual indemnity under a confidential purchase agreement between defendants.

## **DISCUSSION**

Plaintiffs claim that the court is required to sever and remand the original action under the Federal Court Jurisdiction and Venue Clarification Act of 2011, which amended 28 U.S.C. § 1441(c). Alternatively, plaintiffs argue that the court has the discretion to sever and remand the original action and that there are compelling reasons to do so. Defendants argue that this action is not governed by 28 U.S.C. § 1441(c) and that remand is therefore not mandatory. Defendants further claim that the court does not have the discretion to remand the original action.

Section 1441 governs the removal of civil actions to federal court. Subsection (c), as newly amended, states:

> (c) Joinder of Federal law claims and State law claims.--
> (1) If a civil action includes–
>
>> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

Plaintiffs argues that this action falls within the language of subsection (c) because plaintiffs' original claims are both outside of the original and supplemental jurisdiction of the

3

district and nonremovable by statute, and Boeing's claim against LOT arises under a law or treaty of the United States. Subsection (c)(1)(A), however, specifically refers to federal question jurisdiction, as defined by 28 U.S.C. § 1331. In its removal action, LOT did not allege that the district court had original jurisdiction over the action pursuant to 28 U.S.C. § 1331; it removed the action pursuant to the Foreign Sovereign Immunities Act (FSIA), codified in 28 U.S.C. §§ 1330(a), 1441(d), 1602–1611. Section 1441(d) states that "[a]ny civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending."

As defendants correctly point out, the court does not have federal question jurisdiction over Boeing's claim against LOT; instead, it has jurisdiction over the claim pursuant to the FSIA. See Olympia Exp., Inc. v. Linee Aeree Italiane, S.P.A., 509 F.3d 347, 348-9 (7th Cir. 2007). Although plaintiffs claim that Boeing's claims arise under the FSIA, the FSIA does not create a federal cause of action. Boeing's claims against LOT are state law claims, and the court would not have federal question jurisdiction over these claims if LOT were not a foreign sovereign or sovereign instrumentality. Id. at 349. The FSIA provides for federal jurisdiction on the basis of the parties involved, but does not convert the underlying claims from state law claims to federal law claims. Although the court may be called upon to interpret treaty provisions regarding LOT's affirmative defenses, no claim within this action is a claim "arising under the Constitution, laws, or treaties of the United States" as defined by § 1331.

Further, plaintiffs' original claims against Boeing fall within the supplemental jurisdiction of the court. Under 28 U.S.C. § 1367(a), "in any civil action of which the district

4

courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." Although one of Boeing's claims against LOT alleges contractual indemnity unrelated to the plaintiffs' claims against Boeing, Boeing also asserts a contribution claim against the airline. In support of that claim, Boeing alleges that LOT "failed to exercise due care in the operation of the subject aircraft, including but not limited to failing to properly identify, detect, avoid, and/or respond to the alleged hydraulic leak and/or the alleged activated circuit breaker, failing to employ proper procedures after encountering such conditions, and otherwise failing to follow proper procedures and instructions."

Two claims are part of the same case or controversy if they "derive from a common nucleus of operative facts. A loose factual connection between the claims is generally sufficient." Ammerman v. Sween, 54 F.3d 423, 424 (7th Cir. 1995) (internal citations omitted). Boeing's allegations against LOT are directly related to the emergency landing at issue in plaintiffs' action against Boeing. Discovery related to the cause of the in-flight complications and emergency landing will be necessary in the resolution of all parties' claims. Plaintiffs' claims are therefore part of the same case or controversy over which this court has original jurisdiction, and the court may exercise supplemental jurisdiction over the plaintiffs' claims. Further, the Seventh Circuit has stated that state law claims against a first-party defendant that are removed by a third party under the FSIA are subject to the district court's supplemental jurisdiction. See In re Air Crash Disaster Near Roselawn, Ind. on Oct. 31, 1994, 96 F.3d 932,

5

943 (7th Cir. 1996).Consequently, the court is not required to sever and remand the original action because the criteria of § 1441(c)(1) have not been satisfied.

Plaintiffs claim that the language of § 1441(c) evinces Congress' strong desire to remand state law claims, and that it is illogical to read the Act as requiring the severance and remand of all state law claims in removed cases with federal question claims except those removed under § 1441(d). First, as noted above, the instant case was removed under § 1441(d) and does not involve federal question jurisdiction, but rather jurisdiction under the FSIA. Second, with the amendment to subsection (c), Congress did not expand the scope of claims subject to remand. Congress simply made the removal of unrelated state law claims mandatory instead of discretionary, making it impossible for defendants to manufacture federal jurisdiction over unrelated state law claims where it would otherwise not exist. In the instant case, because plaintiffs' claims are not unrelated to the third-party claims, there can be no compelling argument that Congress intended those claims to be remanded.

Finally, there are sound policy reasons to expect that Congress differentiates between claims before the district court by way of the FSIA and those that involve federal questions. Under the FSIA, there is no question that LOT is entitled to defend itself in federal court against Boeing's claims. Congress created this right of access to the federal courts "to create a uniform body of law (and minimize potential international friction) by establishing federal courts as the preferred forum for cases involving foreign states." Roselawn, 96 F.3d at 942 (citing House Report, 1976 U.S.S.C.A.N. at 6631). This right of access differentiates foreign sovereigns from other third-party defendants sued in state court. LOT is entitled to fully litigate the action in federal courts. Id. Part of that opportunity to litigate is LOT's ability, as a third-party defendant,

to raise defenses to the plaintiffs' original claims. See F.R.Civ.P 14(a)(2)(C). Severing plaintiffs' claims from the third-party action and remanding them to state court could therefore deprive LOT of the opportunity to fully defend itself in a federal forum.

Judicial economy considerations also counsel against remanding the original action to state court. As noted above, there are common questions of fact about the emergency landing, and it would be inefficient to litigate those issues in two separate fora. Severance of the claims would also present an opportunity for inconsistent rulings regarding these fundamental questions. As a final matter, plaintiffs claim that LOT's affirmative defenses to Boeing's third party complaint would require the court to interpret treaty provisions, evaluate a confidential purchase agreement, and determine whether LOT is immune under the FSIA, all of which would cause undue delay in the resolution of plaintiffs' claims. Although these issues may well come before the court, the court disagrees that their resolution will substantially delay the progress of the plaintiffs' case. These matters may all be dealt with by this court in an efficient manner. Plaintiffs also claim that maintaining the action as one will result in some claims being tried to a jury and some tried to the court. There is nothing wrong or disadvantageous, however, with such a structure. The Seventh Circuit and many other courts have approved of such a structure in other FSIA cases, holding that trying some claims to a jury and some to the court preserves all the parties' rights. Roselawn, 96 F.3d at 943; see also In re Aircrash Disaster Near Roselawn, Indiana on October 31, 1994, 909 F. Supp. 1083, 1113-14 (N.D. Ill. 1995) (collecting cases). These alleged obstacles are not so compelling as to warrant the division of this lawsuit between two courts.

## CONCLUSION

For the reasons described above, the court denies plaintiffs' motion to sever and remand the original action back to state court. The status date set for April 19, 2013, is stricken.

**ENTER:** April 17, 2013

_____
**Robert W. Gettleman
United States District Judge**